IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD LEE TAYLOR,

    Plaintiff,

v.                                              Civil Action No. 5:11CV159
                                                               (STAMP)

DR. DAVID PROCTOR,
TRISTAN TENNEY, Health Service
Hospital Administrator,
WEXFORD MEDICAL CORPORATION and
ADRIAN HOKE, Warden,
Huttonsville Correctional Center,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, an inmate housed at the Huttonsville Correctional Center in Huttonsville, West Virginia, filed this 42 U.S.C. § 1983 action asserting against each defendant claims of cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. The plaintiff then filed an in forma pauperis motion which was granted by United States Magistrate Judge Seibert. Magistrate Judge Seibert granted the plaintiff in forma pauperis status, and ordered him to pay an initial partial filing fee of $40.54 by December 20, 2011.

---

[1] Pro se - "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1341 (9th ed. 2009).

The plaintiff then filed a letter motion requesting an additional twenty-eight days following December 31, 2011 in which to pay the filing fee. The magistrate judge granted this motion, extending the deadline for payment to January 30, 2012. Subsequently, on February 14, 2012, Magistrate Judge Seibert entered a report and recommendation informing this Court that the plaintiff had not paid the filing fee nor had he requested another extension of time to do so. As a result, the magistrate judge recommended that this Court dismiss the plaintiff's action without prejudice for failure to prosecute.

The plaintiff filed objections to the report and recommendation on February 28, 2012, arguing that his complaint should not be dismissed because he was unable to pay the filing fee at this time. Further, he asserted that he had obtained an institutional job and that he would be able to pay the fee. Finally, he argued that he believed that he had a strong likelihood of success in this action if allowed to prosecute it.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the report and recommendation was made based solely upon the fact that the plaintiff had not paid his filing fee, and the plaintiff has

filed objections to that finding, this Court will undertake a <u>de novo</u> review of the entire report and recommendation.

### III. Discussion

After a <u>de novo</u> review, this Court agrees with the magistrate judge and overrules the objections of the plaintiff as to the late filing fee. A review of the procedural history reveals that the magistrate judge was correct in finding that the plaintiff had failed to pay his filing fee on time and did not request an extension to pay the filing fee. While the plaintiff's objections state cursorily that the plaintiff was unable to pay the filing fee on time and that he feels he would be successful if able to prosecute, the plaintiff did not state a reason for not filing a motion requesting a further extension. Therefore, this Court does not find the reasoning given in the plaintiff's objections sufficient to grant a further extension.

This Court has reviewed the record, as well as the magistrate judge's report and recommendation and the plaintiff's objections thereto and, for the reasons set forth above and in the report and recommendation, concurs with the recommendations of the magistrate judge in their entirety. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

### IV. Conclusion

Based upon a <u>de novo</u> review, the magistrate judge's ruling is hereby AFFIRMED AND ADOPTED in its entirety and the defendants'

objections are hereby OVERRULED.  Further, this civil action is
DISMISSED WITHOUT PREJUDICE.  Accordingly, it is ORDERED that this
case be DISMISSED and STRICKEN from the active docket of this
Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

    IT IS SO ORDERED.

    DATED:    August 28, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE